I'm Morgan Rhead and I'm here today on behalf of defending my possibility of just getting a civil suit reinstated which I was told to begin with by not only the judge, my attorney and the defendant or I was the defendant's attorneys that I was going to be able to have the civil suit and that's the only reason why I pled no contest to a resisting arrest charge. Mr. Rhead, when were you told by the judge that you would be able to proceed with your civil lawsuit despite your NOLO plea? When were you told that? I believe it was the day of that. Okay. That I gave the plea. Did you plead guilty? Yes. Do you know whether or not... I pled no contest. Okay. Do you know whether or not that was on the record? Do you know whether or not that was... Oh, I believe it was. It's in his file, yeah. Yes. Exactly what did the court say to your recollection? That I would be able to pursue a civil suit. Well, was he explaining what a no contest plea was? He did explain that. And a no contest, you know, the difference between a guilty plea and a no contest plea is a no contest plea isn't an admission of guilt. Right. I understand. And so your admission, there is no admission, the admission can't be used against you in a subsequent civil lawsuit. But you're still convicted of the offense. Right. And the problem here is because you are convicted under the usual rules, you have to get the conviction set aside, even though your no contest plea can't be used against you, you have to get the conviction set aside first before you can bring a civil lawsuit. That's the whole point of this heck case that they're talking about. Okay. Did anyone explain that to you? No, they told me that I was assured and that was the only reason, I assure you honestly too, that that was the only reason why I accepted that charge in the first place, the no contest charge, is that I was going, not the only reason, but the other reason was the money because I'm not obviously a rich person. I don't have attorneys that can just step up because I don't have a job like that. Who was the? I'm sorry, go ahead. No, you go ahead. I'm definitely like an underdog as far as this goes. I'm just a normal guy. It's a normal wage. Like these officers don't necessarily make a lot more than I do, but they have a lot more advantages, you know, and I'm just a normal nice guy that a seriously bad thing happened to. And to give them all these advantages is kind of ridiculous. Let me ask you this. We have this heck case and it's quite technical. I think I'm summarizing or characterizing the heck case properly. Yeah. You have to bring a habeas corpus petition that would set aside the conviction. If your civil suit, which is now what you're trying to bring, if you win the civil suit, would necessarily be inconsistent with the conviction. Now what you pled to was violation of 148. Right. Now what 148 says is that any person who willfully resists, delays, or obstructs any public officer, peace officer in the discharge or attempt to discharge any duty. Now that's often summarized in an informal way as convicting of resisting arrest. But in fact that's not what the statute says. The statute says willfully resists, delays, or obstructs an officer in the discharge or attempt to discharge any duty. In a sense this is a question for the other side because I want you to be prepared on this one. We have a case called Sanford that says, well, if for example the alleged excessive force takes place in afterward or independent of the offense, well then you don't need to bring the habeas. So what I'm really trying to figure out there is, okay, at what point did you in any way, well I'll just read the statute, did you resist, delay, or obstruct an officer in the discharge or attempt to discharge any duty? Were you obstructing or delaying when you ran away? No, because they had already assaulted me. But that might be considered that. But after you've been assaulted, I think running away would be the best thing to do. Especially if there's officers. I thought you asked me a question. I did. But how many officers were involved here? At the end there was probably about six or seven of them. And they were all getting a piece of me for sure. And I wasn't resisting the least. So in your view. I never really resisted honestly. As you say here, that means that under some construction of delaying in the performance of a duty, some of this took place after you had delayed them in the performance of their duty. Can I speak? Yes. To tell you the honest truth, Your Honor, I don't believe that I resisted in the least. But I took that plea. How about delayed? No. Well, you see, you're giving me the wrong answers in terms of your legal argument. Now, what do you mean by delayed? Well, in a sense, what's the statute mean? But I never resisted. I didn't do that. I got beat for no reason. And this is a serious case. I understand. Yeah. I guess what I should look at mostly is your narrative and your complaint rather than your legal argument, because you don't quite understand the significance. I've never done this before. This is really new to me. I've never studied on how to do this. I think my question is probably better directed at the lawyer for the other side who understands the legal significance of what we're talking about. Yeah. At some point they put the handcuffs on you, right? Absolutely. Did they assault you in any way after that occurred? I think more mentally they did. And they put shackles on my feet, too. After that, it was more just verbal assault and also negligence of taking care of me in the right manner, I believe, because they wouldn't let me sit up and I was choking on my own blood and stuff. And they took me to the fire station instead of the hospital first and cleaned me up and then took me to the hospital. And they were also, they never Mirandized me. And he was asking me, like, very serious questions. I'm lying on my back choking on my blood and so much pain I've never been in my life. And they're asking me questions like, why did you attack this officer? You're in big trouble and things like that. And just before that, he had threatened me also, telling me to say exactly what they want me to, move exactly how they want me to. He told me that they were a gang, I swear. Once they have you down on the ground... And that's pretty abusive, I think. Once they have you down on the ground, are there more officers that come and make physical contact with you? I mean, during the beating, yes, it was a beating, yes. Not just one or two officers, it was more than that. And you're struggling? No, to stay alive, to breathe, yeah. But other than that, no. So they're just beating the daylights out of you? Absolutely, Your Honor. Yes, sir. Mr. Reed, you have about two and a half minutes left. If you'd like to say anything now, you may, or you can reserve the time. I'd just like to make a statement that I don't normally do this kind of... I mean, I've never done this before, and obviously I'm not very well prepared, and I don't know what aspects to really attack or anything, but I'm just trying to be as honest as I can be. And I'm here to defend justice, not only for me and my family, but for America. This shouldn't be happening, and I deserve a chance. That's all I need to say, really. I'd appreciate the chance. We appreciate your comments. You have two minutes left, so if you'd like to have a seat while you're on the other side. Okay, I will. Mr. Reed, why don't you have a seat at the counsel table? Mr. Reed? Why don't you have a seat up there, and you can take notes if you want, or... Do you have a notepad? No, I'll fix it in a minute. Okay. Good morning, Your Honors. May it please the Court. My name is Mitch Dean from Bailey and Hefton. I represent the appellees and the defendants below. The Court asked, and I may be starting from the wrong point, and if the Court wants to start from an earlier point, then I'm prepared to do that as well, but the Court asked for a supplemental brief to address the question, really, of whether a 1203.4 setting aside of his conviction would invalidate it for purposes of heck, and I addressed that in about an eight-page brief. In this case, the Court asked Mr. Reed if he had it set aside, and really, for the purpose of a heck analysis, it requires, in my view, way more than having it set aside. If you don't mind, I'd rather focus on what's necessary for a conviction under 148. Absolutely. What's the necessary element? What is sufficient to get yourself a successful conviction under 148? Any of the things the Court read to Mr. Reed. However, in this case, we presented evidence below that it was the violent felony, the actual resistance of arrest. What evidence did you present? Yes. In our reply papers, which the district court admitted, we presented evidence of the change of plea, and in that case, the district attorney read the original two charges. One was a battery, and one was felony resisting or felony obstruction, which was PC69. The reason the 148 came into play is because that's what the lesser-included offense. And he pled no law only to 148? Absolutely, Your Honor. And do you have any proof, then, of anything other than that to which he pled? No, that is the proof, Your Honor. But that's all he pled to was 148. Yes. Did he say anything in court? Did the then-defendant, now plaintiff, say anything in court? I did X or Y? They stipulated, his counsel stipulated with the district attorney that the – this is what they said, Your Honor. I'll read it to you, if you don't mind. Mr. Carver is the district attorney, and Ms. Thompson is Mr. Reed's attorney. Are you reading from the transcript? I'm reading from the transcript and the reply papers of the record below, Exhibit A to our reply papers. Mr. Carver, Steve Carver for the people, Ms. Thompson, Shannon Thompson for the defendant, Mr. Carver. As a special issue, I would like to amend the information to add a count for Penal Code Section 148A, resisting an arrest. And that would be an LIO, lesser-included offense, basically of Count 1, PC69. The court, so stipulated. Ms. Thompson, so stipulated, Your Honor. The court, with that stipulated LIO as a plea to a misdemeanor under Penal Code Section 148. Mr. Carver, correct. Ms. Thompson, correct, Your Honor. Counsel, could we go to the next page of that transcript? Yes. Line three. The court says, how do you plead that owner about April 11, 2000, that you did unlawfully obstruct a peace officer, not resist arrest? So that's actually what he pled guilty to, was the obstruction rather than the resisting arrest. He read the 148, which was the obstruction. That's the language of the statute, Your Honor. Okay, so he pled guilty, or NOLO, to unlawful obstruction rather than resisting. Except the stipulation. I agree with that, Your Honor, except the stipulation between the people and the defendant's attorney before was that the 148, which was resisting arrest, was a lesser-included offense of the felony, PC69, which is the battery. That was only the amendment to the information. Yes, Your Honor. Which included all of 148. It said Section 148A, and it said resisting arrest, but it cited Section 148A. It did, Your Honor. Isn't the controlling matter for us what he actually pled guilty to? It is what he pled guilty to, which would be the 148. However, in all of the cases, the suicide case that we cited, the Nuno case that we cited, it was all 148A. The difficulty I have with that is that the court did not go through and ask the defendant what he did to satisfy 148. And rather than saying resisting arrest, the court said obstructing a peace officer acting within the course and scope of his duties. And those are two really different parts of the statute, of the ordinance. So that gives me some concern regarding exactly what he pled guilty to. Except in both of those cases, they both assume that the officer is acting lawfully in the discharge of his duties, and that would be the implication of the invalidity. That would be the inconsistency of the going forward with the 1983 case as opposed to what he pled. In both of those cases, whether it's the obstruction, whether it's the resisting arrest, they both include as an element that the officer was acting lawfully in the 1983. Here's my problem with this. And this Heck stuff and the Sanford case, I have to say I find somewhat difficult. I mean, I think this is difficult for all of us because it's a tricky business, and I'm not sure I'm entirely comfortable with the analysis and how it's supposed to work. I'm trying to figure out when is the 148 offense to which he pled obstruction, when is it potentially complete? In other words, at what point is a 1983 suit necessarily incompatible with the 148 Nolo plea? If he is obstructing merely by saying, hey, have some of this weed, or being smart aleck with the officers, or in some way being uncooperative with the officers, if that's obstruction, which it could be, I guess, and then the officers start beating the daylights out of him, well, then a 1983 suit for excessive force, when they beat him after the 148 offense is complete, that's not necessarily inconsistent with the conviction, and we have to have a trial under Sanford. Isn't that right? I agree with you. If that was the evidence below. But the only thing he pled to is 148 obstruction. That is to say there is no evidence. All we have is a plea. That's correct. And it's our position that when we filed the motion for summary judgment, we alleged five facts. We didn't dispute any of those facts. The district court dealt with your issue, Your Honor, below, by looking at what evidence was presented by the plaintiff in opposition to the motion for summary judgment, and the court found there was no admissible evidence as to what period of time. What evidence did you advance in support of your motion for summary judgment? We submitted the plea. The plea just says I plead guilty to 148 obstruction. And that. Whatever other evidence did you submit? That was the evidence of the complaint, all the allegations in the complaint. But that doesn't tell us anything other than the fact that he pled to 148. And until you have submitted evidence that contradicts what he has to prove under ordinary rules of summary judgment, he has no obligation to come forward with any evidence at all. And I don't think you've negated merely by saying, well, he pled to 148 obstruction. We did compare the allegations that he made. And in his deposition, I did present some deposition transcripts. We did compare that to the Sanford case. And in the Sanford case, the sole allegation that caused the court the concern that you're having, Your Honor, was that she was handcuffed. And once she was handcuffed, the officer punched her right in the face. Yes. That's the Sanford facts. In our case, we proved through the deposition transcripts by Mr. Reed's own testimony that once he was handcuffed, he was no longer assaulted. But when he was handcuffed, you're not going with me in the sense of when can the 148 offense of obstruction be completed? That could have been completed long before he was handcuffed. I would say that the weight of the evidence below was that the 148 was based on the charges that the officer made against him. There were only two charges originally, two charges, battery on a police officer. But those were charges to which he did not plead. That's correct. But when you consider that the only way the 148 came in was a lesser included offense of resisting arrest and the felony 69. I'm sorry. The lesser included offense, he pled guilty to obstructing. He did not plead guilty to resisting arrest. Isn't that right? That's what the transcript says, Your Honor. What does the transcript say? I plead to obstruction. Well, the transcript says two things. One, counsel for the defendant and counsel for the people both stipulated that the plea was to resisting arrest. No, they stipulated that the information would be amended to include 148A, resisting and arrest. But they did not stipulate that he would plead guilty to that. Yes, they stipulated that the information would add a count for penal code section 148A, resisting arrest, and that would be an LIO, basically a count one PC69. Then they stipulated. Then they asked if they advised that they knew the consequences of his plea. He had a change of plea form. I think we had in our motion. Let me check one thing, Your Honor. This may help our discussion. We did attach the change of plea form. And they add a count for 148A, and they don't elaborate. Is there any kind of discussion by the prosecutor about the facts that support the obstruction? About the factual basis for the plea? There was no discussion about the factual basis for the plea other than it was a lesser-included offense and the information under the 69, which is a felony battery. The violent side, not the I don't have any marijuana resisting side. The difference between the felony and the misdemeanor in terms of what the statute requires is what? It's a violent felony. We presented authority in our papers below that the description of a penal code 69 violation is the fact that it's a violent felony against the police officers as opposed to speaking something or saying something that might, in a technical sense, delay the officers in their duties or obstruct them in their duties. Counsel, turning to a little different matter, the plaintiff had indicated that he was reassured by the court that he could continue with his civil proceeding. And on page three of the plea transcript, it says, the court says, it's my understanding that there has been some discussions in chambers that with this type of plea, a no-contest plea has the same force and effect for criminal law purposes. It will preserve any rights with respect to any civil proceedings. What does that mean? The right is under 1016 of the penal code, which prevents that from being used as an admission against the plaintiff. In other words, he couldn't get up on the stand and you admit you pled guilty or you pled no contest. It does not act as a preclusion. And, in fact, in the SUSAG case we cited and in the Nuno case that we discussed, there were 148. One of those cases included a no-contest plea with the same preservation of that civil right as can't be used as an admission. We're saying it's used as a preclusion to suit. I understand that. The problem I have is this seems a little broader, that the court didn't specifically reference that statute. It just says preserve any rights with respect to any civil proceeding, which seems a little broader to me than just saying it can't be used against you. And the other thing that bothers me is that there were some discussions in chambers that were not included on the record. And that causes me some concern as to exactly what was discussed and what was represented to this defendant. He, the appellant in his papers, made reference to that, that his attorney said that he could pursue a civil action. He, the basis of his appeal in the first instance was that there was some deal made between him and his attorney or some understanding reached between him and his attorney in the court. The only rights that are secured by that deal, in our view, is that it can't be used as an admission. That's what the law says. Yeah, but that's not what the transcript says. The judge said. The judge says any right, and I would read that to be any right that you have. Any right that you have under this to pursue a civil case. I mean, that's one potential construction. Another potential construction is, and obviously he has in mind, listen, what am I supposed to do here? If I take a no vote to 148, am I allowed to pursue a civil suit, which he clearly had in mind at that time because he thought there had been excessive force used on him at some point during this transaction. I have to say that I'm inclined to believe that the state court judge understands the law as the state court judge is describing the law, and that's a pretty broad statement. That would then encourage me to go back and look at those stipulations and understand those stipulations and consistent with what the state trial judge is trying to do, which is to say, listen, I'm going to preserve your 1983 right insofar as consistent with Heck and so on. I would point out to the court, though, that the suicide case, which is the state version of Heck, came out, I believe, after this was happening. The court could have very well believed, and it had not been held yet, that the Heck analysis for purposes of 1983 had not been expanded to state court rights that he may have to pursue any state court action for battery or excessive force in the state court system. There was no discussion on the record that we preserved your federal civil rights here, Mr. Reed. We preserved any right that you have. In one view, it's not going to be used against you as an admission. On the other hand, the state court expansion of Heck had not yet occurred, so the trial court, in all probability, wasn't thinking. It also precludes any right like 1983, even in state court, because the suicide case, I believe, came out after this was reached. It was fairly recent when we filed our papers. Yeah. Now, we've been staying, as I think we have to, in the discussion so far on pretty technical matters. I'd like to back off a little bit and talk about the consequence of this area of law and these technicalities. We know that it sometimes happens that the police get in physical altercations with people that they're trying to control or arrest or in some fashion. We also know that it sometimes happens, unfortunately, and may not have happened in this case, may have happened. I don't know what happened in this case because we've got allegations and so on. We've got affidavits that basically are on the record that I'm not supposed to be looking at and so on. So as to what happened in this case, I'm saying nothing. One of the things that worries me, though, is that the police and the prosecutor have such a leverage over someone who's been in a physical altercation with the police. It is very often the better part of wisdom for a defendant to plead to 148 as a misdemeanor as a way of avoiding a long and drawn-out prosecution that could turn out very badly. And if a 148 NOLO plea turns out to have a preclusive effect such as you're wanting here, that allows the police to avoid all kinds of excessive force claims. That is to say, all you've got to do is turn the screws on somebody. Let's imagine, and I'm not saying that this is this case. Let's imagine that the police did use excessive force on somebody. Beat the daylights out of them, and everybody on the force knows that that's so. They get the guy, they bring all kinds of charges against the guy, and then they let him plead to 148, and then they say, ha ha, your 1983 suit is precluded. I'm concerned about a broad and preclusive reading of 148 because I'm concerned about this circumstance. I understand that concern. In this case, this plaintiff was represented by counsel. They're experienced criminal defense counsel. There is an easy way. This court has alluded to it earlier. The way is to, and in this case, it wasn't done, and I think it was broader. But there's a way to limit that plea to exactly what you're talking about. There's a way to limit it to not the violence. If you want to preclude, in this case, the preclusion is for an inconsistency. Is it going to be inconsistent for his plea to now not be able to sue the officers for excessive force even if he was subject to a beating? That would be the way to do it. There are ways to make the plea. There are ways to challenge the factual. I'm not following. What's the way? In this case, they didn't have any discussion on the record about the factual basis for the plea. They didn't make a slice anyway. They didn't say anything like, well, I'm only pleading to obstructing justice in this fashion. It only took a sentence or two to do that. Who's burden was that? Doesn't the judge have some obligation to have a colloquy with the defendant regarding what exactly he's pleading to? Is that the defendant's responsibility to volunteer that information? I think it's the defendant's attorney's job to protect his client, number one. But, number two, in this case specifically, since the only factual background was two violent felonies, the lesser included offense seemed to flow from that. When you say factual background, those are charges. They are not established facts. Yes. And by factual background, I meant the factual background of the plea, not of the case. As a trial judge, I felt it was my obligation to flesh out the plea in terms of asking the defendant exactly what he did that caused him to plead guilty. I did not feel it was the defendant's job to volunteer information regarding why he was pleading guilty. But this is a no-contest plea, right? This is a no-contest plea, which is the same in all our cases as a conviction. The problem is it does become the defendant's, now plaintiff in the civil case's, burden to show that his plea would not necessarily invalidate. The burden in the criminal context is one thing. And the judge doesn't work for the police department and the judge doesn't work for my client. In the civil case, it certainly becomes the plaintiff's responsibility. So I think that's where it turns. I understand in the civil case, but I just, in terms of making the record for the Nolo plea, that was my concern. And on summary judgment, there has, if a material issue of fact arises because of that, then summary judgment is not appropriate. That's my concern. And in our position was that they did not come up with any admissible evidence to show a material issue of fact as to everything we showed below. And the district court agreed with that and had some problems with the admissibility of some of their criminal trial transcripts, which weren't properly in evidence before the district court. Thank you very much. Thank you very much for your time, Your Honor. Thank you, sir. Mr. Reid, you have another minute or so, a couple of minutes if you'd like. You're welcome to use them. I just wanted to say more than anything that I was assured that I was going to get this case, and that is the only reason why I took that plea. And like she said, the judge did state that, that he was aware of that also. Now, when you say you were assured. Not only by my attorney, but by their attorneys, too. And by the judge also? And by my, yes. And where was the judge when this was said? Well, just what she said is what I took in my eyes as being assured, too. When the judge says on the record any civil offense is preserved. Yeah, because they talked about that in chambers. Were you in chambers? No. But my attorney told me and assured me that they had talked about that. And I talked to my attorney beforehand and told her, because my regular attorney was on vacation, so he had his daughter filming for him that day. And he was usually taking care of it. And she assured me that she talked with the judge. And the only way that I told her that the only way that I am going to plead this no contest is that if I have the chance to pursue this civil suit. And that is the only reason why I did that. And you say the attorney for the other side also assured you of this? Well, she assured me that everybody was in correlation with this. I see. Not only her, but the judge. And she's going to make sure that the judge knows. And she's going to make sure that this is known, that I will not plea this plea if I don't have this, you see. Okay, so she, meaning your lawyer, says this. Yeah. And does the other lawyer say anything to you, the lawyer for the other side? Not that I can totally recall. But I was, at the time, I felt, you know, I'm paying big money for this lady. And I'm telling her this is what I want to do. And isn't that what she's supposed to do for me? You know, and she assured me that that's what she was going to do for me. Okay. And also that I feel that being here today is kind of also an insult to injury also. And everything I've been through, and not only that, but just the fact that I'm at such a disadvantage, you know. And I feel that I should have been able to, I mean, it's been three years, Your Honor, you know. It's been three years. It was ten days after my 24th birthday. And things hadn't been going that good for me in a long time. And I was beaten seriously. It was a beating. Nonetheless, I got beat up seriously bad. And probably within the age of my life, I wouldn't say that I wasn't, you know, I wouldn't disagree with you. And this is very serious. And I just want your eyes to be open. We appreciate your earnest argument and counsel's as well. The case just argued is submitted.  Thank you.
judges: Silverman, W Fletcher, Rawlinson